Curia, per

O’Neall, J.
The 22d section of the Act of 1841, 11 Stat. at Large, 160, provides, “that from and after the passing of this Act, all sums of money over and above $20, which shall be due any board of commissioners of roads of this State, by any person or persons whatsoever, for neglect to make return of hands, or to send hands on the roads, or for any other causes, shall be recovered by action of debt, in any court of competent jurisdiction.” This provision, which was overlooked at the trial, disposes satisfactorily of the objection made by the ground for new trial. The ground in arrest of judgment only remains to be considered. That the commissioners may sue, is not denied ; but it is contended they must sue, not only by their official name, but also in their names as individuals. In general, I think this is true. All who sue in an official capacity, must state their names, as well as their official description. A suit so brought will not abate; the successors are entitled to continue the case, and the change in the persons holding the office may be suggested on the record.
In Tidd’s Prac. 7, the Slat. 24 Geo. 3d, c. 170, sec. 8, is stated. It provides that securities for the support of bastard children shall be vested in the overseers of the poor, who are authorized to sue for the same, and whose action shall not abate by change of overseers. It is true, this is a statutory provision not. of force in this State, and we have none like it; yet, in practice, we have pursued much the same course. Suits by ordinaries, clerks, sheriffs, and the treasurers, on bonds given to them in their official capacities, have never been held to abate. So the commissioners of the poor, as in the case of the Commissioners of the Poor of Laurens vs. Dooling, 1 Bail. 73, sue, and the case *217 may be continued by tbeir successors. In Tidd, 7, it was held, under the Stat. 24 Geo. 3d, that an action on a security given for the support of a bastard child, need not be brought in the names of the overseers to whom it was given, but in the names of the overseers for the time being. This shews that the office controls the interest, and that it is in the office, and not in the individual filling it, that the legal interest and cause of action vests. The only necessity for naming the individual filling the office and bringing the suit is, that the court should see that the suit is brought by proper authority, and that there is a party responsible for costs. But, notwithstanding it is true, that regularly the names of the commissioners of the roads ought to have been set out, yet it is equally true, that the objection could hardly be taken advantage of by plea in abatement. By Stat. 59 Geo. 3d, c. 12, sec. 17, it is provided, that in suits brought by church-wardens and overseers, about the real property of the parish, it shall be sufficient to sue in the names of such officers for the time being; and the case shall not abate by death, removal from or expiration of office.
In 16 Eng. C. L. Rep. 116, Tidd’s Prac. 7, it was held, in an action brought under this statute, where there were two sets of counts, one describing the plaintiffs by their office, without their names, the other by their names, without their office, that the objection (if, indeed, it was an objection,) was cured by verdict. So in Chappell and Cureton vs. Proctor, Harp. 49, the Christian names of the plaintiffs were omitted, it was held that the objection could only be taken advantage of by plea in abatement; 1 Ch. Plead. 257. These authorities abundantly shew that the objection that the names of the commissioners are not stated in the process, is not good in arrest of judgment.
The motions are dismissed.
Richardson, Evans and Wardlaw, JJ., concurred.